BROWN, TERRY & WOODRUFF CO. et al. v.
. INDUSTRIAL COMMISSION OF
UTAH et al.

No. 5122.   Decided June 25, 1931.   (300 P. 945.)

*Bagley, Judd & Ray,* of Salt Lake City, for plaintiff.

*Geo. P. Parker,* Atty. Gen., *M. Logan Rich,* Deputy Atty. Gen., and *A. A. Duncan,* of Salt Lake City, for defendants.

FOLLAND, J.

This is a proceeding to review an award of the Industrial Commission of November 6, 1930, wherein James Peterson was found to be permanently and totally disabled, and plaintiff ordered to pay him compensation at the rate of $12.98 a week during his lifetime.  On September 20, 1925, when 58 years of age, James Peterson suffered an accidental injury while working at the Troy Laundry operated by Brown, Terry & Woodruff Company.  He was a pipe fitter and repairman earning $30 per week.  He fell backward about four feet, striking his head upon the concrete floor, as a result of which he sustained a lacerated scalp wound about an inch long over the occipital bone with slight concussion of the brain, and, on October 29th following, suffered a delayed cerebral hemorrhage, at which time he was un-

conscious for about ten days. At that time there was no formal hearing before the commission and no formal order entered, but the insurance carrier paid hospital and medical expenses and paid the employee at the rate of $16 per week for a period of 260 weeks, apparently upon the theory of temporary total disability, although counsel for plaintiffs say in their brief that payments were made as required by Comp. Laws 1917, § 3134, as amended, which section covers permanent total disability only. At any rate, upon the expiration of the 260-week period, the employee was notified by the insurance carrier that payments would cease unless he was able to show to the satisfaction of the Industrial Commission that the case was one of permanent and total disability, whereupon the matter was set down for hearing and heard before the Industrial Commission. The commission thereupon made the following finding:

"As a result of said injury the applicant is unable to engage in any remunerative employment. He is very nervous and has dizzy spells and pain in the back of his head and shortness of breath. He has a marked irritability. He is emotionally unstable. The probabilities are that the applicant will get progressively worse and he is therefore permanently and totally disabled. This condition has been brought about as a result of the injury sustained by Mr. Peterson on September 20th, 1925, while employed by Brown, Terry & Woodruff Company."

The record also shows that an examination was made of the employee by the medical advisory committee of the commission on June 10, 1927, as a result of which the commission by letter advised the insurance carrier and the employer that the employee was still temporarily totally disabled as a result of the injury sustained on September 20, 1925, and that the insurance carrier continue to pay weekly compensation until further notice.

It was and is the contention of plaintiffs that, while the employee was admittedly totally disabled and unable to work, the only injury resulting from the accident was the loss of vision in the right eye. The employee had previously

lost his left eye in an accident in 1890 while he was working in a coal mine in Colorado, and this eye had been replaced with a glass one. It also appears from the record that the employee is suffering from heart trouble described as chronic myocarditis with articular-fibrillation, from which cause alone he would be an invalid. Plaintiffs insist that there is no evidence to show that the employee suffered any injury from the accident except a loss of half the vision of his right eye, and upon the theory that he is now suffering a permanent total disability by reason of his loss of sight, that the commission erred in not finding that the disability compensation should be paid from the special combined injury benefit fund provided for in Comp. Laws Utah 1917, § 3140, par. 6, as amended by Laws Utah 1919, c. 63 and Laws Utah 1921, c. 67. Plaintiffs' argument is based upon the assumption that the employee, having lost one eye previously, has now suffered only an injury to his remaining eye by reason of the accident and that plaintiffs were obligated to pay only compensation of $16 a week for 50 weeks, whereas they have already paid $16 a week for 260 weeks, and therefore any other payments should be made from the combined injury benefit fund. There would be a great deal of force to this argument if we could conclude from the evidence that the employee suffered no other or further injury by the accident of September 20, 1925, than the loss of 50 per cent. vision in his remaining eye. This argument, however, is not available to plaintiffs, unless we are required by want of evidence to set aside the finding quoted above. This we are unable to do, for the reason that a careful reading of the record convinces us that there is sufficient competent evidence to support the finding. The commission in its finding says nothing with respect to the loss of vision in the right eye, nor does it make reference to the heart trouble suffered by the employee. The record does show that prior to the accident of September 20, 1925, the employee was a happy, jovial, hard working man of strong physique, active upon his feet, quick in his move-

ments, and apparently without symptoms of heart trouble, and notwithstanding he had lost one eye, he was able to do satisfactory work, and had been employed steadily for eight years, and had not been under the necessity of losing a day on account of sickness or physical disability of any kind; that, after the accident occurred, he spent several weeks in the hospital, was unconscious for ten days following the delayed cerebral hemorrhage; that on account of these injuries he had lost one-half vision in his remaining eye; that he suffered, and now suffers, pains in the back of his head; that he has been, and now is, nervous, irritable, and suspicious, has lost the power of proper co-ordination between his mind and limbs; that his personality is completely changed. There is testimony to the effect that the employee would be totally and permanently disabled merely on account of the loss of vision, and also that his heart disease is sufficient to produce permanent and total disability, but, notwithstanding this, we think the evidence sufficient to support the finding made by the commission, and that the evidence supports the award.

The award of the Industrial Commission is therefore affirmed.

CHERRY, C.J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.