JOHN A. GOEBEL, EMPLOYEE, RESPONDENT, v. MISSOURI CANDY COMPANY, EMPLOYER, AND T. H. MASTIN & COMPANY, INSURER, APPELLANTS.—50 S. W. (2d) 741.

St. Louis Court of Appeals. Opinion filed June 7, 1932.

*Fordyce, White, Mayne & Williams* and *Paul S. Schmid* for appellants.

114

*Arthur L. Wackwitz* for respondent.

BECKER, J.—This is an appeal from the judgment of the circuit court affirming an award of the Missouri Workmen's Compensation Commission.

It is sufficient for the purposes of this record to state that the employee had sustained the loss of four fingers on his right hand some twenty years prior to September, 1928, and that on September 10, 1928, while in the employ of the defendant employer, he met with an accident resulting in the loss of his left hand. The Commission held that the condition resulting to the employee was a permanent total disability, and because prior to the accident here in question the claimant had suffered a previous disability, allowed him as compensation "two-thirds of that for permanent total disability in other cases," under section 3317, Revised Statutes of Missouri 1929.

The appealing employer and insurer contend here: First, that the award for permanent total disability in this case is not justified in that there is no substantial competent testimony in the record to warrant such finding; second, that under the proper construction of section 3317, Revised Statutes of Missouri 1929, in this case, from the resulting condition there should be deducted the previous disability to the right hand suffered twenty years previous, whereas the Commission, in making its final award, made no such deduction.

We first direct our attention to the question as to whether or not there is sufficient competent evidence in the record to warrant a finding of permanent total disability.

We have in mind that on appeal, in the absence of fraud, the finding of facts made by the Commission within its powers is conclusive and binding and that such finding of facts and award of the Commission have the force and effect of the verdict of a jury. [Leilich v. Motor Car Co., 328 Mo. 112, 40 S. W. (2d) 601; Jones v. Coal Co. (Mo. App.), 46 S. W. (2d) 196; Rolens v. Constr. Co. (Mo. App.), 24 S. W. (2d) 1077; Kinder v. Hannibal Car Wheel & Fdry. Co. (Mo. App.), 18 S. W. (2d) 91.]

Furthermore, in determining whether or not an award made by the Commission is justified by the evidence on appeal, we consider only the evidence most favorable in support of such verdict, together with all reasonable inferences which may be drawn therefrom to support the conclusion of the Commission, and will disregard any unfavorable testimony where it is contradicted by the evidence supporting the conclusion of the Commission. [Leilich v. Motor Car Co., supra; Jones v. Coal Co., supra; Schulte v. Tea & Coffee Co. (Mo. App.), 43 S. W. (2d) 832.]

By section 3316(b), Revised Statutes of Missouri 1929, of our Workmen's Compensation Act the loss of both eyes or sight thereof, loss of both hands or the use thereof, and an injury resulting in practically total and permanent paralysis, or an injury resulting in imbecility or insanity, *when caused by the accident*, shall be conclusively presumed to be permanent total disabilities "and *in all*

*other cases* permanent total disability shall be determined in accordance with the facts.'' Therefore since claimant's entire disability has not been ''caused by the accident'' herein, total permanent disability cannot in any event be presumed; instead it became the duty of the Workmen's Compensation Commission to determine the extent of the claimant's disability ''in accordance with the facts.''

Our examination of the record brings us to the conclusion that the finding of facts by the Commission that claimant has suffered a total permanent disability is supported by sufficient competent evidence.

It is admitted claimant, in the present accident, lost his left hand and that years before claimant had lost the four fingers of his right hand. Goebel, the employee, himself testified that he was working as assistant foreman for the Missouri Candy Company off and on for nineteen years, and that among other things it was his duty, when anybody was absent, to undertake to do the job of that particular absentee, so that if a candy maker or a cream man or any one else failed to show up ''it was up to Goebel'' to keep that department going. So, too, if a department got behind it was his duty to pitch in and help them out, so that the actual work required of him varied materially, ''sometimes required the handling of machinery and the lifting of objects, such as sometimes putting candy on counters; sometimes turning valves off and on beneath kettles or getting up batches.'' He further testified that after the present accident he could no longer shave himself; that in eating he was not able to use a knife for any purpose but that he could make ''very little'' use of a fork with the right hand; that he never tried to carry any object, such as a box, with his right hand and he did not see how he could; that the four fingers of his right hand are cut off down to the knuckles ''which is where the fingers join the palm of the right hand;'' and he testified that he was unable to do anything with his right hand. Claimant further testified that up to the time of the additional hearing (February 17, 1931) he had ''not yet been able to find any work,'' that he could do; that he had applied to the Red Cross and ''everybody else to try to find some position;'' that he had been back to his old employer for a job twice and had been told by his former boss, Mr. Murphy, that he would look out for him but that no job had been found for him; that he could not now do any of the work that he had done when employed by the Missouri Candy Company, the employer.

We note also that at the original hearing in 'January, 1930, Dr. W. J. Salisbury testified on behalf of the employee. With reference to the condition of claimant's right hand he stated that he had examined it and found no functions that Goebel could accomplish

with his right hand; that there was no gripping nor any lifting power in the right hand; nor could the claimant by use of his right hand in conjunction with his left hand, lift ordinary weights.

"Permanent total disability is that condition which is deemed to incapacitate the employee from all work for all time, either actually or by direct statutory provision.

"An employee may be said to be totally incapacitated when he is disqualified from pursuing the usual tasks of a workman in such a way as to enable him to procure and retain employment. The fact that he is not absolutely disabled for the performance of any kind of labor is not a prerequisite to a finding of total incapacity. The fact that the employee has an income from a business at which he performs no labor is immaterial. It may consist of an inability to secure employment because of the injury, although the employee would be able to do work if he could secure it." [2 Schneider on Workmen's Compensation (2 Ed.), sec. 418.

The physical condition of claimant's hands, as well as the testimony of himself and that of the doctors with reference thereto indicate that it would be extremely difficult, if not impossible, for him to find employment in any gainful occupation, or to perform successfully the duties of such occupation if he could secure it.

Viewing the testimony in the light most favorable to claimant and allowing all reasonable inferences therefrom, there is sufficient competent evidence to support a finding that for all practical purposes the normal and natural functions of both hands and the use thereof have been lost, and that claimant is entitled to compensation therefor as for total permanent incapacity.

But even so, appellants urge here that the commission erred in holding that by reason of this resulting condition, which was admittedly the result of two separate accidents, for the latter of which only, the employer in the instant case was responsible, claimant, under section 3317, Revised Statutes of Missouri 1929, was entitled to compensation for two-thirds of that allowed for permanent total disability in other cases. Appellants argue that the commission should have awarded claimant compensation only for the loss of the use of claimant's left hand, and that since they are responsible for loss of the use of plaintiff's left hand only, which is a permanent partial disability, under section 3317 there should "be deducted from the resulting condition the previous disability as it exists at the time of the last injury."

In support of this contention we are cited a number of cases in other jurisdictions. Our examination of the statutes of those states discloses that in none of them is there a section of the statute reading as does our section 3317. In each of the states from which cases have been cited, we find statutes under the provisions of

which the result contended for here by appellants, in circumstances such as appear in the instant case, is specifically provided for. Section 3317 of our statutes is so different from sections in Workmen's Compensation Acts of other states, pertaining to compensation for permanent disability where there has been a previous disability, that cases from such jurisdictions interpreting the said sections are of little or no value in determining the meaning of our own statute.

Section 3317 specifically provides that where there has been a previous disability and the condition resulting from the last injury is a *permanent partial disability*, there shall be deducted, from the resulting condition, the previous disability as it exists at the time of the last injury, and the compensation shall be paid for the difference. But the section then provides further that if the resulting condition be a *permanent total disability*, the compensation therefor shall be two-thirds of that for permanent total disability *in other cases*. It must be conceded, therefore, that it was the intention of the Legislature in dealing with cases of permanent disability, where there had been a previous disability, to make separate provision for that class of cases in which the condition resulting from the last injury is a permanent partial disability as against that class of cases in which the resulting condition is a permanent total disability.

We have already held that in the instant case claimant's condition was such that he had lost the use of both hands, a condition of permanent total disability. Now section 3316 specifically provides the basis for payment for permanent total disability; in all such cases compensation shall be paid on the basis of sixty-six and two-thirds per cent of the average annual earnings during 300 weeks, and thereafter on the basis of twenty-five per cent of the average annual earnings for life, but not less than six dollars nor more than twenty dollars per week, and then provides, by section 3317, that in all cases *where there has been a previous disability* in which the resulting condition is a *permanent total disability*, the compensation therefor shall be two-thirds of that for permanent total disability *in other cases*.

We are constrained to the view that in the instant case, under section 3317, wherein claimant had lost the use of his right hand by a previous accident and thereafter by an accident while in the employ of his present employer lost the use of his left hand, "the resulting condition," was "a permanent total disability." Therefore since the case is one of that class of cases wherein there has been a previous disability, the compensation therefor, under section 3317, shall be two-thirds of that for *permanent total disability*, which is provided for *in other cases* under section 3316. Since this is the manner in which the commission interpreted the section and

made its award in accordance therewith, the judgment of the circuit court affirming the award of the Missouri Workmen's Compensation Commission is hereby affirmed. *Haid, P. J.,* and *Nipper, J.,* concur.