John M. McPHIE, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah and United States Steel Corporation, Defendants.

No. 14909.

Supreme Court of Utah.

July 7, 1977.

A. Wallay Sandack, Sandack & Sandack, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Frank V. Wilson, Asst. Atty. Gen., E. V. Boorman, Jr., Parsons, Behle & Latimer, Salt Lake City, for defendants.

HALL, Justice:

This is a review of an order of the Industrial Commission denying plaintiff lifetime workmen's compensation benefits.

Plaintiff was injured twice during his employment with United States Steel Corporation, first in 1966 and again in 1972, and as a result thereof was 100% permanently and totally disabled. He filed no claim for the first injury. In reaching its decision the Commission distinguished an employee who has been disabled due to an industrial accident from one who has been disabled by reason of a combination of industrial accident and a prior accidental injury, disease or congenital condition, allowing lifetime benefits for the former but not the latter. Plaintiff takes exception to that reasoning and here maintains that such was (1) arbitrary and capricious and (2) a deprivation of equal protection.

The resolution of this matter requires an interpretation of two statutory provisions. Section 35–1–67, U.C.A.1953, in effect at the time of the 1972 injury, basically provides lifetime benefits for those permanently and totally disabled due to an industrial accident and Section 35–1–69, U.C.A.1953, which limits the exposure of employers in

the case of employees with prior existing infirmities. The pertinent statutory provisions are as follows:

35–1–67. *Permanent total disability benefits—Vocational rehabilitation—Maximum Benefit.* In cases of permanent total disability the award shall be sixty per cent of the average weekly wages for five years from the date of injury, and thereafter forty-five per cent of such average weekly wages, but not to exceed a maximum of $54.00 per week and not less than $29.00 per week, plus $5.00 for a dependent wife and $5.00 for each dependent minor child under the age of eighteen years up to a maximum of four such dependent minor children; *provided, however, that in no case of permanent total disability shall the employer or its insurance carrier be required to pay more than $24,648;* and provided further, that a finding by the commission of permanent total disability shall in all cases be tentative and not final until such time as the following proceedings have been had:

Where the employee has tentatively been found to be permanently and totally disabled, it shall be mandatory that the industrial commission of Utah refer such employee to the division of vocational rehabilitation under the state board of education for rehabilitation training and it shall be the duty of the commission to order paid to such vocational rehabilitation division, out of that special fund provided for by section 35–1–68, not to exceed $890.00 for use in the rehabilitation and training of such employee; the rehabilitation and training of such employee shall generally follow the practice applicable under section 35–1–69, and relating to the rehabilitation of employees having combined injuries. If and when the division of vocational rehabilitation under the state board of education certifies to the industrial commission of Utah in writing that such employee has fully co-operated with the division of vocational rehabilitation in its efforts to rehabilitate him, and in the opinion of the division the employee may not be rehabilitat-

ed, then the commission shall order that there be paid to such employee weekly benefits at the rate of forty-five per cent of his average weekly earnings, but not to exceed $54.00 per week, out of that special fund provided for by section 35–1–68, for such period of time beginning with the time that the payments (as in this section provided) to be made by the employer or its insurance carrier terminate *and ending with the death of the employee.* No employee, however, shall be entitled to any such payments if he fails or refuses to co-operate with the division of vocational rehabilitation as set forth herein. . . . [Emphasis added.]

35–1–69. *Combined injuries resulting in permanent incapacity—Basis of compensation—Special fund—Training of employee.*—(1) If any employee who has previously incurred a permanent incapacity by accidental injury, disease, or congenital causes, sustains an industrial injury for which compensation and medical care is provided by this title that results in permanent incapacity which is substantially greater than he would have incurred if he had not had the pre-existing incapacity, compensation and medical care, which medical care and other related items are outlined in section 35–1–81, Utah Code Annotated 1953, as amended, *shall be awarded on the basis of the combined injuries, but the liability of the employer for such compensation and medical care shall be for the industrial injury only and the remainder shall be paid out of the special fund provided for in [subdivision (1) of] section 35–1–68 hereinafter referred to as the "special fund."*

A medical panel having the qualifications of the medical panel set forth in section 35–2–56, shall review all medical aspects of the case and determine first, the total permanent physical impairment resulting from all causes and conditions including the industrial injury; second, the percentage of permanent physical impairment attributable to the industrial

injury; and third, the percentage of permanent physical impairment attributable to previously existing conditions whether due to accidental injury, disease or congenital causes. The industrial commission shall then assess the liability for compensation and medical care to the employer on the basis of the percentage of permanent physical impairment attributable to the industrial injury only and the remainder shall be payable out of the said special fund. Amounts, if any, which have been paid by the employer in excess of the portion attributable to the said industrial injury shall be reimbursed to the employer out of said special fund. . . . [Emphasis added.]

■ The time honored rule of law is that the construction of statutes by governmental agencies charged with their administration should be given considerable weight,—however, if it is made clearly to appear that a statute has been misconstrued or misapplied it is the duty of the court to correct the same.[1]

■ A further equally recognized rule of construction resolves any doubt respecting the right of compensation in favor of the injured employer or his dependents, as the case may be,[2] and the compensation statutes should be liberally construed in favor of recovery.[3]

Turning to Section 35–1–67, it clearly provides for the payment of lifetime benefits upon a determination of permanent total disability in the manner set forth therein and no limiting language is present.

The Commission determined that Section 35–1–69, which also provides for compensation for permanent incapacity as result of a combination of injuries previously incurred,

did in fact contain language of limitation preventing the payment of lifetime benefits. To do so the word "remainder" contained therein was construed to mean the remainder of the employer's exposure. · This is a strained, misplaced interpretation which has the result of depriving lifetime benefits already provided for in Section 35–1–67, and is contrary to the rules of construction set forth above. Had such been the intention of the legislature there appears little reason for them not to specifically so state.

■ A perfectly reasonable interpretation of Section 35–1–69 is to construe the word "remainder" to be whatever remains to be paid after the employer has discharged its liability, and since plaintiff has in fact been rendered permanently and totally disabled, lifetime benefits would then become the "remainder" and payable out of the special fund as stated therein.

The foregoing is also consistent with the Commission's observation that a significant legislative purpose of Section 35–1–69 was to encourage the hiring of handicapped persons since its impact was to limit the employers' exposure to an employee who had prior existing infirmities by merely requiring the employers to pay for the industrial injury only, the remainder of benefits to be paid out of the special fund.

The rulings of this court under prior law are also consistent with an interpretation of lifetime benefits[4] and for such an award on the basis of combined injuries as well.[5]

The order of the Commission is contrary to law in that it fails to meet the criteria of statutory construction generally followed and to resolve reasonable doubt in favor of the injured plaintiff. Consequently, it is

1. *Ostler v. Industrial Commission of Utah, et al.,* 84 Utah 428, 36 P.2d 95 (1934).

2. *Chandler v. Industrial Commission,* 55 Utah 213, 184 P. 1020 (1919); *Park Utah Consolidated Miners Co., et al. v. Industrial Commission,* 84 Utah 481, 36 P.2d 979 (1934).

3. *M & K Corporation, et al. v. Industrial Commission, et al.,* 112 Utah 488, 189 P.2d 132 (1948).

4. *Caillet v. Industrial Commission,* 90 Utah 8, 58 P.2d 760 (1936); *United Park City Mines Company v. Prescott,* 15 Utah 2d 410, 393 P.2d 800 (1964).

5. *Marker v. Industrial Commission,* 84 Utah 587, 37 P.2d 785 (1934).

deemed arbitrary and capricious and is vacated and set aside.

Remanded for the purpose of making the appropriate award. Costs to plaintiff.

MAUGHAN and WILKINS, JJ., concur.

ELLETT, Chief Justice (dissenting):

I dissent. The statute is too clear for argument that the *maximum amount* to be paid for total permanent disability is $24,-648. If, in fact, the commission has ignored the plain words of the statute and has paid more than the maximum allowed by law, then it should cease and desist from the practice. The fact that it has violated the law in other cases is no reason why we should compel it to do so in this case. We should enforce the law in all cases which are brought before us; and when a case is appealed wherein the commission is paying more than the law allows, we should handle that matter at that time. I think the commission ruled properly in this case.

In separating the source of funds to pay one who sustained a prior injury, the statute [1] provides for payment by the employer or his insurance carrier for that part of the injury attributable to the industrial accident, and the remainder of the amount of the award for the total combined disability to be paid by the special fund. There is no distinction between the total amounts to be paid when the industrial accident causes all the injury or when it only causes a part thereof.

Nowhere in the statutes cited by the parties are found the words "lifetime benefits," nor can payments for permanent disability be construed as synonymous with lifetime benefit payments unless an express statement is incorporated to that effect. The converse is readily apparent because the relevant statutes expressly provide both a time and a dollar limitation on the amounts to be paid for a worker's total and permanent disability. These limitations are set out in particular and cannot be changed except by legislative mandate.

I think the commission ruled properly, and I would affirm its judgment.

CROCKETT, J., concurs.

1. 35–1–69, U.C.A.1953, as amended.